**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4301**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

IJAZ KHAN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:16-cr-00130-LMB-2)

Submitted: March 28, 2018                                    Decided: April 4, 2018

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jonathan A. Simms, SIMMS LAW FIRM PLC, Fairfax, Virginia, for Appellant. Dana J. Boente, United States Attorney, Katherine L. Wong, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ijaz Khan was convicted by a jury of all 18 counts of an indictment charging him with citizenship and naturalization fraud and conspiracy (Counts 1-11), 18 U.S.C. §§ 371, 1425 (2012); misuse of evidence of citizenship or naturalization (Count 12), 18 U.S.C. § 1423 (2012); smuggling goods into the United States and conspiracy (Counts 13 and 14), 18 U.S.C. § 545 (2012); mail fraud (Counts 15 and 16), 18 U.S.C. § 1341 (2012); and obstruction of an official proceeding and conspiracy (Counts 17 and 18), 18 U.S.C. §§ 371, 1512 (2012). The district court imposed a below-Guidelines sentence of 36 months' imprisonment. Khan appeals, challenging the sufficiency of the evidence as to Counts 1-11 and 17 and the procedural reasonableness of his sentence. We affirm.

The evidence presented at Khan's trial, viewed in the light most favorable to the Government, *see United States v. Burgos*, 94 F.3d 849, 854 (4th Cir. 1996) (en banc), was as follows. In 2002, Vera Lautt—a United States citizen and resident of Oregon—travelled to Pakistan and married Khan, whom she had met on-line the prior year, in a Pakistani civil ceremony. On the Petition for Alien Relative (form I-130) and accompanying forms, Khan wrote "none" in response to questions asking for the names of prior spouses and children. In fact, Khan was then married to a woman in Pakistan named Shabnam and, at the time, had four children with her.

Khan's immigration visa application was approved in 2003. Khan ultimately obtained U.S. citizenship in 2009 and he and Lautt began the process of bringing Shabnam, the children, and Khan's other family members to the U.S. as well. Although Khan had failed to disclose the existence of his children on the many forms completed

2

before and after his arrival in the U.S., he made a correction to the N-400 (Application for Naturalization), identifying his children as "born out of wedlock." However, two of his sons later signed sworn statements that Khan was married to Shabnam and that Khan actually had "two wives." Nevertheless, immigrant visas were granted for Khan's four oldest children (he fathered two more children with Shabnam during visits to Pakistan while he was married to Lautt). The children were later granted automatic U.S. citizenship.

With respect to the smuggling charges (Counts 13, 14, 17 and 18), the Government presented evidence that Khan engaged in shipping ancient artifacts–coins, pottery, arrowheads, etc.–without disclosing the nature of the items or their true value, and that he submitted fraudulent paperwork, purportedly from the Government of Pakistan, attesting to his authority to export the artifacts. On appeal, Khan challenges the sufficiency of the evidence only with respect to Count 17–conspiracy to obstruct an official proceeding, based on an October 13, 2013, shipment from Pakistan that was inspected and intercepted by federal law enforcement officials at Dulles Airport. After the shipment was seized, Khan and his sons filed a petition for return of the items, falsely declaring the value at $500 (as opposed to a value estimated at greater than $10,000) and supported by forged certificates from the Government of Pakistan.

After a seven-day trial involving over 30 witnesses, Khan was convicted of all counts in the indictment. The presentence report (PSR) assigned a total offense level of 25, including a four-level enhancement because Khan was an organizer or leader of an offense involving five or more participants, U.S. Sentencing Guidelines Manual

("USSG") § 3B1.1(a) (2016). The district court imposed a below-Guidelines sentence of 36 months.

Khan argues, first, that the evidence was insufficient to support the jury's guilty verdict as to Counts 1-11. A defendant challenging the sufficiency of the evidence faces "a heavy burden." *United States v. McLean*, 715 F.3d 129, 137 (4th Cir. 2013) (internal quotation marks omitted). The jury's verdict must be sustained if, viewed in the light most favorable to the Government, there is substantial evidence in the record to support the convictions. *Glasser v. United States,* 315 U.S. 60, 80 (1942); *United States v. Jaensch*, 665 F.3d 83, 93 (4th Cir. 2011). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Jaensch*, 665 F.3d at 93 (internal quotation marks and brackets omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *United States v. Ashley,* 606 F.3d 135, 138 (4th Cir. 2010) (internal quotation marks omitted).

To prove conspiracy to defraud the United States by impairing, obstructing, and defeating the lawful functions of the Government in the immigrant visa and immigrant benefits process, the Government must demonstrate: "(1) the existence of an agreement, (2) an overt act by one of the conspirators in furtherance of the objectives, and (3) an intent on the part of the conspirators to agree, as well as to defraud the United States." *United States v. Tedder*, 801 F.2d 1437, 1446 (4th Cir. 1986). To prove a conspiracy to commit other offenses under 18 U.S.C. § 371, including naturalization fraud, the Government must show an agreement to commit an offense, willing participation by the

4

defendant, and an overt act in furtherance of the conspiracy. *United States v. McNeal*, 818 F.3d 141, 149 (4th Cir. 2016). To sustain Khan's conviction under § 1425(a), the government was required to prove that: Khan "(i) knowingly (ii) misrepresented (iii) material facts and, (iv) procured his citizenship as a result." *See United States v. Haroon*, 874 F.3d 479 (6th Cir. 2017). Moreover, the Government "must establish that the defendant's illegal act played a role in [his] acquisition of citizenship." *Maslenjak v. United States*, 137 S. Ct. 1918, 1921 (June 22, 2017). In other words, "[w]hen the underlying illegality alleged in a § 1425(a) prosecution is a false statement to government officials, a jury must decide whether the false statement so altered the naturalization process as to have influenced an award of citizenship." *Id.* "An applicant who gives 'false testimony' for the purpose of obtaining immigration benefits does not have 'good moral character.' 8 U.S.C. § 1101(f)(6). And good moral character is a requirement for naturalization. Id. [18 U.S.C.] § 1427(a)." *Haroon*, 874 F.3d at 483. Khan "thus misrepresent[ed] facts that the law deems incompatible with citizenship." *Maslenjak*, 137 S. Ct. at 1928.

Khan argues that the evidence was insufficient to support his convictions on Counts 1 and 2 because the Government failed to produce definitive proof of his marriage to Shabnam and, therefore, could not prove that the statements he made regarding prior marriages was false. Contrary to Khan's assertion, however, the Government presented ample evidence of his lawful marriage to Shabnam. Multiple witnesses testified that Khan and Lautt referred to Shabnam as Khan's "wife." Moreover, a defense cultural expert testified that government-issued birth certificates for Khan's children were an

5

indication that the children were born in wedlock or they would not have been legitimized via official government records. Finally, Khan's own children provided sworn statements that Khan was married to their mother.

While Count 2 concerns Khan's own naturalization, the remaining counts relate to his procurement of citizenship for the various members of his family. Again, Khan argues that the Government failed to prove that he was lawfully married to Shabnam and, therefore, failed to show that he lied about his marital status or that he committed polygamy. We find that the evidence sufficiently established that Khan was in fact married to Shabnam at the time he applied for naturalization and, therefore, the Government met its burden of proof with respect to Counts 3 through 11 as well.

Count 17 charged Khan with conspiring, along with two others, to willfully corrupt, obstruct, influence or impede an official proceeding under 18 U.S.C. § 1512(c)(2) (2012) dealing with the seized shipment of goods from Pakistan in October 2013. To sustain a conviction under § 1512(c)(2), the Government must prove that Khan had notice of the official proceeding and acted with the intent to obstruct, influence, or impede the proceeding. After Khan received notice of the seizure and administrative forfeiture proceeding, he hired an attorney to prepare a petition seeking the return of the property in which Khan asserted that the contents of the shipment were family heirlooms, legally exported from Pakistan, and worth no more than $500–none of which was true. Thus, we find this evidence sufficient to support Khan's conviction on Count 17.

Finally, Khan argues that the district court erred in applying the four-level enhancement based on his role in the offense. Under USSG § 3B1.1(a), a four-level

6

enhancement is applied "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a). In distinguishing between a leadership and organizational role from one of mere management or supervision, the court should consider factors including "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." *United States v. Kellam*, 568 F.3d 125, 148 (4th Cir. 2009) (citing USSG § 3B1.1 cmt. 4). The burden is on the Government to prove by a preponderance of the evidence that the sentencing enhancement should be applied. *United States v. Steffen*, 741 F.3d 411, 414 (4th Cir. 2013). This court reviews the district court's adjustment for role in the offense for clear error. *See United States v. Sayles,* 296 F.3d 219, 224 (4th Cir. 2002). We have reviewed the record on appeal with these standards in mind and conclude that the district court did not clearly err in applying the enhancement for Khan's leadership role.

Accordingly, we affirm Khan's conviction and sentence. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*

7